```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

Grace Chadderton Richards,

                    Plaintiff,            09-CV-1663
                                          (CPS)
     - against -
                                          MEMORANDUM OPINION
Janet Napolitano, Secretary of the U.S.   AND ORDER
Department of Homeland Security, John P.
Torres, Acting Assistant Secretary, U.S.
Immigration and Customs Enforcement, and
Michael Aytes, Acting Deputy Director,
U.S. Citizenship and Immigration Services,

                    Defendants.

------------------------------------------X
```

This matter having come before this Court pursuant to the Order to Show Cause dated April 27, 2009, and the Court having considered the papers submitted by the parties and having concluded, for the reasons set forth in the accompanying memorandum opinion, that plaintiff is the "spouse" of a United States citizen for the purposes of 8 U.S.C. § 1151(b)(2)(A)(i), and for good cause shown, it is hereby

ORDERED that, pursuant to 28 U.S.C. § 2201(a):

    (1) the Immigration and Nationality Act ("INA") contains no requirement that a non-citizen spouse be married for at least two years in order to qualify as an "immediate relative" pursuant to 8 U.S.C. § 1151(b)(2)(A)(i);

    (2)    the INA contains no provision authorizing or compelling the United States Citizenship and Immigration Service ("USCIS") automatically or summarily to deny a duly filed and pending I-130 petition solely on account of the death of the citizen spouse;

    (4)    USCIS's decision to deny plaintiff's I-130 petition was not in accordance with law;

    (5)    plaintiff is eligible for classification as an "immediate relative" under the INA by virtue of her status as the surviving "spouse" of a United States citizen;

    (6)    plaintiff must be considered a "spouse" for the purposes of adjudicating her I-130 petition and I-485 application;

    (7)    plaintiff has the right to an adjudication on the merits of her I-130 petition and I-485 application in accordance with the declarations set forth herein; and it is further

ORDERED that, pursuant to Section 706(2)(A) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, USCIS's determination that plaintiff is no longer the spouse of a United States citizen is hereby set aside because it is not in accordance with law; and it is further

ORDERED that defendants are hereby enjoined from determining that plaintiff is no longer a "spouse" within the meaning of 8 U.S.C. § 1151(b)(2)(A)(i), and from either determining that she is ineligible for classification as an "immediate relative" under the INA or denying plaintiff's I-130 petition and/or her I-458 application on that basis; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1361, USCIS is hereby directed to reopen and to adjudicate plaintiff's I-130 petition and I-485 application on the merits and in accordance with the declarations set forth herein.

SO ORDERED.

Dated:   Brooklyn, New York
         June 29, 2008

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge